IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00788-BR

**Annmarie Diede**,

   Plaintiff,

v.

**UNC Healthcare**, et al.,

   Defendants.

**Order &
Memorandum & Recommendation**

  Plaintiff Annmarie Diede asks the court to allow her to proceed against Defendants UNC Healthcare, Beth Pagnani-Finch, Bradley Jensen, Christina Vanessa Daniels, Raja Hussari, and Jerry Unknown[1] without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "*in forma pauperis*" or "IFP"). D.E. 1. In connection with its evaluation of this request, the court must also examine the viability of Diede's claims. The court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a party who is immune from such relief. 28 U.S.C. § 1915(e).

  After reviewing Diede's financial affidavits, the court grants her application to proceed IFP. D.E. 1. The court also finds that some of the claims in Diede's Complaint survive frivolity review and may proceed forward.

---

[1] The Court assumes that this individual Defendant is a person with the first name Jerry and an unknown last name.

## I. Background

On September 2, 2016, Diede, proceeding pro se, submitted a Motion to Proceed IFP and a Proposed Complaint. D.E. 1, 1-1. Diede's Complaint names UNC Healthcare and five individual, who are employees at UNC Healthcare, as Defendants. D.E. 1-1.

In her Complaint, Diede alleges that she was wrongful termination from her employment with UNC Healthcare, that she was subjected to sexual harassment, and that she suffered assault and battery by the Defendants. She contends that her discharge followed her complaints about the actions of Defendant Hussari.

## II. Analysis

### A. Application to Proceed in District Court without Prepaying Fees or Costs

In order to be considered for IFP status, a party must submit an affidavit regarding their monthly income and expenses. A review of the Diede's IFP application (D.E. 1) reveals that her monthly income does not greatly exceed her monthly expenditures. The court finds that she lacks sufficient resources to pay the required filing fee and other costs associated with litigation. Therefore, her application is granted and she may proceed without full prepayment of costs.

### B. Screening under 28 U.S.C. § 1915

#### 1. Overview

In addition to determining whether Diede is entitled to IFP status, the court must also analyze the viability of the claims contained in the Complaint. 28 U.S.C. §

1915(e). The court reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. Specifically, the court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Diede's status as a *pro se* party relaxes, but does not eliminate, the requirement that her complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

### 2. Application

Diede alleges the she endured sexual harassment and a hostile work environment. The Complaint further contends that Diede was discharged a short time after complaining about the conduct of Hussari.[2] The court construes Diede's

---

[2] Attached to Diede's Complaint is a Right to Sue letter issued by the Equal Employment Opportunity Commission on a discrimination complaint made to that agency on her claims. D.E. 1-2 at 38; *see* 42 U.S.C. § 2000e–5(e)(1). It appears that she has satisfied the necessary prerequisites to filing a claim in this forum.

Complaint as alleging a cause of action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2. Title VII prohibits discrimination in the workplace on the basis of sex: It shall be an unlawful employment practice for an employer to ... discriminate against any individual ... because of such individual's ... sex. 42 U.S.C. § 2000e–2. Employers are also prohibited from discriminating against an employee or applicant by means of retaliating against the individual due to the individual's involvement in Title VII enforcement efforts, including the opposition to an unlawful employment practice or filing of an employment discrimination complaint. 42 U.S.C. § 2000e–3(a).

> a. Hostile Work Environment

"Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discriminat[ion] ... because of ... sex.'" *Oncale* v. *Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); *Rodgers* v. *Western–Southern Life Ins. Co.*, 12 F.3d 668, 676 (7th Cir. 1993) (noting that there would be no cause of action for race discrimination under Title VII for a "daily routine of race-neutral verbal abuse"). Thus, a pervasively hostile or abusive atmosphere does not create a cause of action for sexual harassment under Title VII unless the plaintiff is able to show discriminatory treatment because of sex. *Meritor Sav. Bank* v. *Vinson*, 477 U.S. 57, 66 (1986) ("[C]ourts have uniformly held, and we agree, that a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment."). "[W]orkplace harassment, even harassment between men and women, is [not] automatically discrimination

4

because of sex merely because the words used have sexual content or connotations." *Oncale*, 523 U.S. at 80. "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* (quoting *Harris* v. *Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring)).

To state a hostile work environment claim, Diede must plausibly allege that: "(1) she experienced unwelcome harassment; (2) the harassment was based on her ... sex; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Buchhagen* v. *ICF Int'l, Inc.*, 545 F. App'x. 217, 219 (4th Cir. 2013) (quoting *Bass* v. *E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)); *Bonds* v. *Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011). The Complaint alleges that Diede was subjected to harassment because of her sex. Although there is little factual support of this position, attached to the Complaint is a Corrective Action Report dated April 16, 2015 that states Defendant Hussari attempted to show pornography on his cell phone to another employee. D.E. 1-2 at 15. For purposes of frivolity screening under § 1915, such allegations may state an actionable claim. *See E.E.O.C.* v. *Central Wholesalers, Inc.,* 573 F. 3d 167 (4th Cir. 2009) (complaints about a coworker watching pornography, utilizing a pornographic screensaver, and having pornographic materials in his cubicle created triable issue of fact on severity or pervasive nature of offensive conduct); *Harris* v. *L & L Wings, Inc.*, 132 F.3d 978, 981–82 (4th Cir. 1997) (finding that pornography, including

"posters of scantily clad women," "contributed to the sexually hostile environment"); *Greene* v. *A. Duie Pyle, Inc.*, 371 F. Supp. 2d 759, 763 (D. Md. 2005) (presence of pornography in a work place can support a claim of hostile work environment in some circumstances) (citing *Baskerville* v. *Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (actionable sexual harassment may include exposure to pornographic pictures)).

As these facts, if proven, may be sufficient to state a claim for a hostile work environment, they should be permitted to proceed.

### b. Retaliation

The elements of a prima facie retaliation claim under Title VII are: "(1) engagement in a protected activity; (2) adverse employment action; and, (3) a causal link between the protected activity and the employment action." *Coleman* v. *Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Although not conclusive, temporal proximity between the protected activity and the adverse action often is sufficient for a "prima facie case of causality." *Yashenko* v. *Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006) (quoting *Williams* v. *Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)).

Here, Diede asserts that she complained about Hussari's conduct and, approximately three weeks later, she was discharged from her employment with UNC Healthcare. Such allegations are sufficient to survive review under § 1915. The Complaint contains sufficient facts to give notice to Defendant UNC Healthcare of the retaliation claim asserted against it. The Court thus finds that it is sufficient

6

Case 5:16-cv-00788-BR   Document 3   Filed 01/20/17   Page 6 of 10

to survive review under 28 U.S.C. § 1915(e)(2). Accordingly, her retaliation claim should proceed.

### c. Allegations Against Individual Defendants

To the extent Diede attempts to bring a cause of action against the individual Defendants Pagnani, Jensen, Daniels, and Unknown as supervisors, the claims are subject to dismissal. The Fourth Circuit has unequivocally held that supervisors are not liable in their individual capacities under Title VII. *Lissau* v. *Southern Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."). It also does not appear that these individuals were named as respondents in Diede's EEOC charge. *See* D.E. 1-2 at 38–46. Additionally, the Complaint makes no allegations of the personal involvement of these Defendants in the actions giving rise to Diede's claims. Accordingly, these individual Defendants should be dismissed from the action.

Although not named as a supervisor, Defendant Hussari was not Diede's employer. As such, the Title VII claims asserted against him are subject to dismissal. Nonetheless, Hussari's alleged conduct forms the basis of Diede's state law assault claim. As discussed below, Hussari is properly named as a Defendant for that claim.

###### d. State Law Claims

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy." *See* 28 U.S.C. 1367(a).

The Complaint asserts causes of action for assault and battery. Although unclear, it appears that Diede contends that she suffered a physical assault and that she was battered by chemicals, possibly exposure to battery ac*id.* Under North Carolina law, "[a]n assault is an offer to show violence to another without striking him, and a battery is the carrying of the threat into effect by the infliction of a blow." *Dickens* v. *Puryear*, 302 N.C. 437, 444, 276 S.E.2d 325, 330 (1981).

The materials filed with Diede's complaint include one page on an Incident/Investigation Report in which it states that Diede alleged that Hussari swung at her, almost hitting her in the face. D.E. 1-2 at 17. Hussari stated that Diede may have "mistook him flaying his arms as an attempt to strike her." *Id.* A separate statement from a coworker who appears to have witnessed the exchange states that Hussari told Diede to get away from him while making hand gestures to move away. *Id.* at 27. Such allegations are sufficient to demonstrate that Diede's protected interest in "freedom from apprehension of a harmful or offensive contact with her person" was infringed. *Dickens*, 302 N.C. at 444, 276 S.E.2d at 330. This claim should be permitted to proceed.

With respect to Diede's claim for battery, this cause of action is subject to dismissal. First, the Court is unable to comprehend the nature of this claim. A review of the Complaint and supporting documents appears to infer that Diede suffered chemical burns from battery ac*id.* The facts supporting this claim have not be clearly articulated, nor a causal link established between actions by the Defendants and any resulting injury to Diede. Because there are insufficient facts to give notice to Defendant UNC Healthcare of this claim, the Court thus finds that it is sufficient to survive review under 28 U.S.C. § 1915(e)(2). Therefore, the Court recommends that this cause of action be dismissed without prejudice.

### III. Conclusion

The motion for leave to proceed in forma pauperis (D.E. 1) is GRANTED.

The undersigned recommends that Defendants Pagnani, Jensen, Daniels, and Unknown be dismissed as parties to this action. It is further recommended that Diede's claim for assault be dismissed without prejudice. It is also recommended that the Complaint be docketed and that Diede's remaining claims for hostile work environment and retaliation against UNC Healthcare and for assault against UNC Healthcare and Hussari be permitted to proceed, that the Clerk issue the summons and the United States Marshal serve a copy of the Complaint and summons upon Defendants UNC Healthcare and Hussari.

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on Diede. She shall have until 14 days after service of the Memorandum and Recommendation to file written objections to the Memorandum

and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If Diede does not file written objections to the Memorandum and Recommendation by the foregoing deadline, she will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, Diede's failure to file written objections by the foregoing deadline will bar her from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: January 20, 2017.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE