UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:16-CV-788-BR

| | |
|---|---|
| ANNMARIE DIEDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNC HEALTHCARE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the 20 January 2017 Memorandum and Recommendation ("M&R") of U.S. Magistrate Judge Robert T. Numbers, II. (DE # 3.) In the M&R, Judge Numbers recommends that some of plaintiff's claims be dismissed without prejudice, in part, because she has failed to state a claim upon which relief may be granted. He also recommends that some of plaintiff's claims against defendants UNC Healthcare and Rajai Hussari be allowed to proceed. On 1 February 2017, plaintiff filed a response to the M&R, (DE # 5), and on 16 February 2017, she filed an "updated" response, (DE # 6). The court treats these two filings as an objection to the M&R. As such, the court conducts a *de novo* review of those portions of the M&R to which plaintiff has lodged an objection. See 28 U.S.C. § 636(b)(1).

Based on plaintiff's two recent filings, it appears that she only objects to the recommendation that her claim for battery be dismissed. Judge Numbers concluded that this claim should be dismissed because "[t]he facts supporting this claim have not been clearly articulated, nor a causal link established between actions by the Defendants and any resulting injury to Diede." (M&R, DE # 3, at 9.) Plaintiff appears to request that the court defer dismissal of the claim for three months to enable her to gather medical evidence in support of the

claim. (See DE # 5, at 2 ("**DEFER BATTERY CHARGE** for an initial period of 3 months (May 5. 2017), so that I can obtain medical treatment, diagnosis . . . ."); DE # 6, at 2 ("However, as requested in my response dated January 28, I would like to be granted the ability to proceed to determine the justified cause of my injury . . . . I am therefore reiterating the request DEFER the BATTERY charge.").) The court declines to do so. If and when plaintiff feels she has garnered enough evidence to state a claim for battery, she may file a motion to amend her complaint.

In her 1 February 2017 filing, plaintiff also requests that the court order the University of North Carolina to assume the expenses related to plaintiff's medical insurance and treatment. There is no legal basis at this time for the court to so order.

The court ADOPTS the M&R as its own. For the reasons stated therein, plaintiff's battery claim is DISMISSED, and defendants Beth Paganini-Finch, Bradley Jensen, Christina Vanessa Daniels, and Jerry Unknown are DISMISSED from the action. Plaintiff's Title VII claims for hostile work environment and retaliation and assault claim against defendants UNC Healthcare and Hussari remain. The Clerk is DIRECTED to issue the summonses plaintiff provided for UNC Healthcare and Hussari. The U.S. Marshal is DIRECTED to serve the summonses and complaint on defendants.

This 23 February 2017.

_____
W. Earl Britt
Senior U.S. District Judge