UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00788-BR

| | | |
|---|---|---|
| ANNMARIE DIEDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNC HEALTHCARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the 26 April 2017 motion to dismiss filed by defendant UNC Healthcare. (DE # 12.) Plaintiff filed a memorandum in opposition on 18 May 2017. (DE # 18.) UNC Healthcare did not file a reply brief, and the time within which to do so has expired. This matter is therefore ripe for disposition.

## I. FACTS

Plaintiff Annmarie Diede was employed by UNC Healthcare in the Central Processing Department from 19 January 2015 to 21 April 2015. (Compl., DE # 4, ¶¶ 2, 5.) Following the termination of her employment, plaintiff filed a motion for leave to proceed *in forma pauperis* and a proposed complaint in this court. (DE # 1.) Plaintiff's complaint names the following as defendants in this action: UNC Healthcare; Beth Paganini-Finch; Bradley Jensen; Christina Vanessa Daniels, Rajai Hussari, and Jerry Unknown. (DE # 4, at 1.) In the complaint, plaintiff alleges that she was sexually harassed by Hussari, and that she was terminated following her complaints about Hussari's conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. (Id. at 4-5.) Plaintiff also alleges a state law claim for

assault and battery against Hussari. (Id. at 4.) She seeks recovery of back pay, reinstatement of her former job, and a trial by jury on all issues. (Id. at 5.)

On 20 January 2017, Magistrate Judge Robert T. Numbers, II granted plaintiff's motion for leave to proceed *in forma pauperis* and ordered that plaintiff's complaint be filed. (DE # 3.) In the same order, Judge Numbers provided a memorandum and recommendation on frivolity review pursuant to 28 U.S.C. § 1915(e)(2), in which he recommended that some of plaintiff's claims be dismissed without prejudice, in part, because she failed to state a claim upon which relief may be granted. (Id.) Judge Numbers also recommended that the court dismiss plaintiff's claims against all defendants except for UNC Healthcare and Hussari. (Id.) On 24 February 2017, the court adopted, in its entirety, the reasoning in Judge Number's memorandum and recommendation and dismissed plaintiff's battery claim and all claims against Paganini-Finch, Daniels, Jensen, and Unknown. (DE # 7.) Plaintiff's claims of hostile work environment, retaliation, and assault against UNC Healthcare and Hussari remain.

## II. ANALYSIS

In its motion to dismiss, UNC Healthcare moves for dismissal based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Def.'s Mem. Supp. Mot. Dism., DE # 13, at 5.) In the alternative, UNC Healthcare seeks dismissal of the claims against it for lack of personal jurisdiction due to plaintiff's failure to properly serve it under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), or in the further alternative dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Id. at 10, 12.) Because the issue of subject matter jurisdiction is dispositive, the court does not consider UNC Healthcare's alternative arguments.

## A. Standard of Review

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Whether subject matter jurisdiction exists is a threshold question that must be addressed by the court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). A plaintiff seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). "In determining whether jurisdiction exists, the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted).

## B. Subject Matter Jurisdiction

UNC Healthcare contends that plaintiff's Title VII claims for hostile work environment and retaliation should be dismissed under Rule 12(b)(1) because she failed to comply with the applicable administrative requirements. (Def.'s Mem. in Supp. Mot., DE # 13, at 5-7.) Additionally, UNC Healthcare asserts that dismissal is appropriate because it is entitled to Eleventh Amendment immunity with respect to plaintiff's Title VII and state law claims. (Id. at 8-10.)

### 1. Failure to Exhaust Administrative Remedies

Turning first to the applicable administrative requirements, before filing a Title VII claim in federal court, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"). Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1); 29

U.S.C. § 626(d)). "The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014) (citations omitted). Although courts "recognize that EEOC charges often are not completed by lawyers and as such must be construed with utmost liberality," courts are "not at liberty to read into administrative charges allegations they do not contain." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) (citations and quotation marks omitted). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" may be pursued in a lawsuit under Title VII. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Although plaintiff claims that she filed a charge of discrimination in her complaint, plaintiff did not attach her EEOC charge of discrimination as an exhibit. Instead, plaintiff attached the EEOC notice of right to sue letter as an exhibit to the complaint, (Pl.'s Ex. F, DE # 1-2, at 38), along with the EEOC determination regarding her charge of discrimination, (Pl.'s Ex. G, DE # 1-2, at 40). UNC Healthcare argues that because the EEOC charge is not in the record, the court cannot properly determine whether the claims in plaintiff's complaint are reasonably related to the EEOC charge. However, the EEOC charge was directly referenced in the EEOC determination, which notes the following:

> Charging Party alleges respondent subjected her to a sexually hostile work environment because of her sex (female) when she was sexually harassed by a male coworker. Charging Party further alleges that after she complained to management about the sexual harassment, she was discharged less than a month later in retaliation in violation of Title VII.

(Id.) Because this document detailing plaintiff's EEOC charge was attached to the complaint, the court can consider it in determining whether plaintiff exhausted her administrative remedies

4

with respect to her Title VII discrimination claims. See Richmond, Fredericksburg & Potomac R.R. Co., at 768 (permitting the court to consider evidence outside of the complaint when a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction).

Here, the text of the EEOC determination states that plaintiff intended to charge UNC Healthcare with hostile work environment and retaliation on the basis of her sexual harassment by a coworker. Plaintiff has continued to pursue these claims in the instant suit. Thus, the court finds that plaintiff has successfully exhausted her administrative remedies on her claims arising under Title VII.

### 2. Eleventh Amendment Immunity

UNC Healthcare also moves to dismiss for lack of subject matter jurisdiction on the grounds that Eleventh Amendment immunity bars the instant suit against it. "The Eleventh Amendment bars suits against non-consenting states by private individuals in federal court." Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). In addition to the States themselves, the Eleventh Amendment shields non-consenting state agencies and departments from suits by private individuals in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bar "applies as well to state-law claims brought into federal court under pendent jurisdiction," such as plaintiff's tort claim for assault. Id. at 121.

It is well settled that public universities, such as the University of North Carolina, are instrumentalities of the state that are immune from suit under the Eleventh Amendment. See Huang v. Board of Governors of the Univ. of N.C., 902 F.2d 1134, 1139 (4th Cir. 1990) (treating the University of North Carolina as an arm of the state and holding that it could not be sued for money damages because the state of North Carolina had not waived its Eleventh Amendment

5

immunity); see also Brown v. Rector & Visitors of the Univ. of Va., No. 3:07CV30, 2008 WL 1943956, at *4 (W.D. Va. May 2, 2008) (noting the Eleventh Amendment provides immunity from suit for a university, as an instrumentality of the state, and applies to all claims for compensatory, declaratory and injunctive relief); Googerdy v. N.C. Agric. & Tech. St. Univ., 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005) (granting motion to dismiss § 1983 claim against the university on grounds that the university was an alter ego of the state and protected from liability under that statute); Jennings v. Univ. of N.C. at Chapel Hill, 240 F. Supp. 2d 492, 498 (M.D.N.C. 2002) (dismissing § 1983 claims against the University of North Carolina under the Eleventh Amendment). UNC Healthcare argues that the immunity granted to public universities extends to "the University of North Carolina Health Care system," which N.C. Gen. Stat §116-37 establishes "as an affiliated enterprise of The University of North Carolina." (Def.'s Mem. in Supp. Mot., DE # 13, at 5.) The court agrees that UNC Healthcare is an instrumentality of the state, and consequently is protected from liability by the Eleventh Amendment. See Solomon v. Rex UNC Healthcare, No. 5:16-CV-179-D, 2016 WL 8678003, at *4 (E.D.N.C. Oct. 21, 2016) (report and recommendation) (recommending dismissal of complaint against Rex UNC Healthcare on the grounds that it was an instrumentality of the state and protected from liability by the Eleventh Amendment), adopted, 2016 WL 6634876 (E.D.N.C. Nov. 8, 2016).

Here, there is nothing in the complaint that indicates the state of North Carolina has waived Eleventh Amendment immunity in any area that is relevant to plaintiff's Title VII claims. Moreover, there is no indication in the instant matter that the state of North Carolina has waived immunity with respect to plaintiff's tort claim for assault. See Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill, 567 S.E.2d 215, 218 (N.C. Ct. App. 2002) (recognizing that the state of North Carolina has not waived sovereign immunity for intentional torts); see also Hart v. Brienza, 784

6

S.E.2d 211, 216 (N.C. Ct. App. 2016) (noting that assault is an intentional tort). Consequently, plaintiff's Title VII and state law claims against UNC Healthcare must be dismissed.

### III. CONCLUSION

For the reasons set forth above, UNC Healthcare's motion to dismiss, (DE # 12), is GRANTED, and it is DISMISSED from this action. Plaintiff's claims against Hussari remain.

This 23 January 2018.

W. Earl Britt
Senior U.S. District Judge