UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00788-BR

| ANNMARIE DIEDE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| UNC HEALTHCARE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on the 26 April 2017 motion to dismiss filed by defendant UNC Healthcare. (DE # 12.) Plaintiff filed a memorandum in opposition on 18 May 2017. (DE # 18.) UNC Healthcare did not file a reply brief, and the time within which to do so has expired. This matter is therefore ripe for disposition.

## I.  FACTS

Plaintiff Annmarie Diede was employed by UNC Healthcare in the Central Processing Department from 19 January 2015 to 21 April 2015. (Compl., DE # 4, ¶¶ 2, 5.) Following the termination of her employment, plaintiff filed a motion for leave to proceed *in forma pauperis* and a proposed complaint in this court. (DE # 1.) Plaintiff's complaint names the following as defendants in this action: UNC Healthcare; Beth Paganini-Finch; Bradley Jensen; Christina Vanessa Daniels, Rajai Hussari, and Jerry Unknown. (DE # 4, at 1.) In the complaint, plaintiff alleges that she was sexually harassed by Hussari, and that she was terminated following her complaints about Hussari's conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. (Id. at 4-5.) Plaintiff also alleges a state law claim for

assault and battery against Hussari. (Id. at 4.) She seeks recovery of back pay, reinstatement of her former job, and a trial by jury on all issues. (Id. at 5.)

On 20 January 2017, Magistrate Judge Robert T. Numbers, II granted plaintiff's motion for leave to proceed *in forma pauperis* and ordered that plaintiff's complaint be filed. (DE # 3.) In the same order, Judge Numbers provided a memorandum and recommendation on frivolity review pursuant to 28 U.S.C. § 1915(e)(2), in which he recommended that some of plaintiff's claims be dismissed without prejudice, in part, because she failed to state a claim upon which relief may be granted. (Id.) Judge Numbers also recommended that the court dismiss plaintiff's claims against all defendants except for UNC Healthcare and Hussari. (Id.) On 24 February 2017, the court adopted, in its entirety, the reasoning in Judge Number's memorandum and recommendation and dismissed plaintiff's battery claim and all claims against Paganini-Finch, Daniels, Jensen, and Unknown. (DE # 7.) Plaintiff's claims of hostile work environment, retaliation, and assault against UNC Healthcare and Hussari remain.

## II. ANALYSIS

In its motion to dismiss, UNC Healthcare moves for dismissal based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Def.'s Mem. Supp. Mot. Dism., DE # 13, at 5.) In the alternative, UNC Healthcare seeks dismissal of the claims against it for lack of personal jurisdiction due to plaintiff's failure to properly serve it under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), or in the further alternative dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Id. at 10, 12.)

A.  **Standards of Review**

Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Whether subject matter jurisdiction exists is a threshold question that must be addressed by the court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). A plaintiff seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). "In determining whether jurisdiction exists, the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted).

Rules 12(b)(2) and 12(b)(5)

"Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2)." Fordham v. Doe, No. 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011) (citation omitted). When a defendant challenges the court's personal jurisdiction pursuant to Rule 12(b)(2), "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Eng's Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009). Similarly, a plaintiff bears the burden of establishing the validity of service when a defendant seeks dismissal for insufficient service of process pursuant to Rule 12(b)(5). Fordham, 2011 WL 5024352, at *3. "Therefore, dismissal is appropriate under

both Rules 12(b)(2) and 12(b)(5) if the court determines the plaintiff failed to properly serve [defendant]." Id. (citations omitted).

Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). Additionally, the court may consider documents attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004). If the allegations in the complaint are inconsistent with any exhibit attached to the complaint, the exhibit controls. Id. (citing Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)).

**B. Subject Matter Jurisdiction**

UNC Healthcare contends that plaintiff's Title VII claims for hostile work environment and retaliation should be dismissed under Rule 12(b)(1) because she failed to comply with the applicable administrative requirements. (Def.'s Mem. in Supp. Mot., DE # 13, at 8-10.) Additionally, UNC Healthcare asserts that dismissal is appropriate because it is entitled to Eleventh Amendment immunity with respect to plaintiff's state law claim. (Id. at 5-7.)

**1. Failure to Exhaust Administrative Remedies**

Turning first to the applicable administrative requirements, before filing a Title VII claim in federal court, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"). Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d)). "The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014) (citations omitted). Although courts "recognize that EEOC charges often are not completed by lawyers and as such must be construed with utmost liberality," courts are "not at liberty to read into administrative charges allegations they do not contain." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) (citations and quotation marks omitted). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" may be pursued in a lawsuit under Title VII. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Although plaintiff claims that she filed a charge of discrimination in her complaint, plaintiff did not attach her EEOC charge of discrimination as an exhibit. Instead, plaintiff attached the EEOC notice of right to sue letter as an exhibit to the complaint, (Pl.'s Ex. F, DE # 1-2, at 38), along with the EEOC determination regarding her charge of discrimination, (Pl.'s Ex. G, DE # 1-2, at 40). UNC Healthcare argues that because the EEOC charge is not in the record, the court cannot properly determine whether the claims in plaintiff's complaint are reasonably

related to the EEOC charge. However, the EEOC charge was directly referenced in the EEOC determination, which notes the following:

> Charging Party alleges respondent subjected her to a sexually hostile work environment because of her sex (female) when she was sexually harassed by a male coworker. Charging Party further alleges that after she complained to management about the sexual harassment, she was discharged less than a month later in retaliation in violation of Title VII.

(Id.) Because this document detailing plaintiff's EEOC charge was attached to the complaint, the court can consider it in determining whether plaintiff exhausted her administrative remedies with respect to her Title VII discrimination claims. See Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768 (permitting the court to consider evidence outside of the complaint when a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction).

Here, the text of the EEOC determination states that plaintiff intended to charge UNC Healthcare with hostile work environment and retaliation on the basis of her sexual harassment by a coworker. Plaintiff has continued to pursue these claims in the instant suit. Thus, the court finds that plaintiff has successfully exhausted her administrative remedies on her claims arising under Title VII.

### 2. Eleventh Amendment Immunity

UNC Healthcare also moves to dismiss plaintiff's claim of assault for lack of subject matter jurisdiction on the grounds that it is entitled to immunity under the Eleventh Amendment. "The Eleventh Amendment bars suits against non-consenting states by private individuals in federal court." Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). In addition to the States themselves, the Eleventh Amendment shields non-consenting state agencies and departments from suits by private individuals in federal court. Pennhurst State Sch.

& Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bar "applies as well to state-law claims brought into federal court under pendent jurisdiction," such as plaintiff's tort claim for assault. Id. at 121.

It is well settled that public universities, such as the University of North Carolina, are instrumentalities of the state that are immune from suit under the Eleventh Amendment. See Huang v. Board of Governors of the Univ. of N.C., 902 F.2d 1134, 1139 (4th Cir. 1990) (treating the University of North Carolina as an arm of the state and holding that it could not be sued for money damages because the state of North Carolina had not waived its Eleventh Amendment immunity); see also Brown v. Rector & Visitors of the Univ. of Va., No. 3:07CV30, 2008 WL 1943956, at *4 (W.D. Va. May 2, 2008) (noting the Eleventh Amendment provides immunity from suit for a university, as an instrumentality of the state, and applies to all claims for compensatory, declaratory and injunctive relief); Googerdy v. N.C. Agric. & Tech. St. Univ., 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005) (granting motion to dismiss § 1983 claim against the university on grounds that the university was an alter ego of the state and protected from liability under that statute); Jennings v. Univ. of N.C. at Chapel Hill, 240 F. Supp. 2d 492, 498 (M.D.N.C. 2002) (dismissing § 1983 claims against the University of North Carolina under the Eleventh Amendment). UNC Healthcare argues that the immunity granted to public universities extends to "the University of North Carolina Health Care system," which N.C. Gen. Stat §116-37 establishes "as an affiliated enterprise of The University of North Carolina." (Def.'s Mem. in Supp. Mot., DE # 13, at 5.) The court agrees that UNC Healthcare is an instrumentality of the state, and consequently is protected from liability by the Eleventh Amendment. See Solomon v. Rex UNC Healthcare, No. 5:16-CV-179-D, 2016 WL 8678003, at *4 (E.D.N.C. Oct. 21, 2016) (report and recommendation) (recommending dismissal of complaint against Rex UNC

7

Healthcare on the grounds that it was an instrumentality of the state and protected from liability by the Eleventh Amendment), adopted, 2016 WL 6634876 (E.D.N.C. Nov. 8, 2016).

Here, there is no indication in the instant matter that the state of North Carolina has waived immunity with respect to plaintiff's tort claim for assault. See Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill, 567 S.E.2d 215, 218 (N.C. Ct. App. 2002) (recognizing that the state of North Carolina has not waived sovereign immunity for intentional torts); see also Hart v. Brienza, 784 S.E.2d 211, 216 (N.C. Ct. App. 2016) (noting that assault is an intentional tort). Consequently, plaintiff's state law claim against UNC Healthcare must be dismissed.

**C. Service of Process**

UNC Healthcare also moves for dismissal pursuant to Rules 12(b)(2) and 12(b)(5) for lack of personal jurisdiction due to improper service. (Def.'s Mem. in Supp. Mot., DE # 13, at 10-11.) Specifically, UNC Healthcare contends that this court lacks personal jurisdiction because plaintiff failed to follow the requirements set forth in Rule 4(j)(2) of the Federal Rules of Civil Procedure for service on a state organization. (Id.)

Pursuant to Rule 4(j)(2), service on a state agency can be perfected in one of two ways. First, a plaintiff can "deliver[] a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2). Second, a plaintiff can complete service "in the manner prescribed by the state's law for serving a summons or like process on such defendant." Id. Under North Carolina law, a plaintiff may serve a state agency by delivering a copy of the summons and complaint to the agency's appointed process agent personally, by certified mail, or by registered mail. N.C. Gen. Stat. § 1A-1, R. Civ. P. 4(j)(4). A plaintiff can also effect service by depositing the summons and complaint with a designated delivery service, addressed to the appointed agent, and obtaining a delivery receipt. Id. With regard to service of process, the

name and address of the registered agent for a state agency is typically on file with a state's Secretary of State. See Khan v. Chevrolet, No. 5:10-CV-33-F, 2010 WL 5477168, at *3 (E.D.N.C. Dec. 30, 2010). Absent designation of an agent, Rule 4(j)(4) requires delivery of process to the Attorney General of North Carolina. N.C. Gen. Stat. § 1A-1, R. Civ. P. 4(j)(4).

Here, the summons presented by plaintiff was addressed only to "UNC Healthcare, 101 Manning Dr[ive], Chapel Hill, NC 27514." (DE # 8.) The summons and complaint were neither served upon an agent for service of process, nor were they served on the North Carolina Attorney General as required by North Carolina law. As a result, plaintiff failed to properly effect service upon UNC Healthcare in accordance with Rule 4(j)(2). Notwithstanding plaintiff's failure to effectuate proper service, with consideration that plaintiff is proceeding *pro se*, the court will give plaintiff the opportunity to correct any defects in service of process. See Garvey v. Seterus, Inc., No. 5:16-CV-00209-RLV, 2017 WL 2722307, at *6 (W.D.N.C. June 23, 2017) (recognizing that a dismissal for failure to properly complete service "is a dismissal without prejudice, typically permitting the Plaintiff an opportunity to properly effectuate service of process") (citing Pitts v. O'Geary, 914 F. Supp. 2d 729, 735 (E.D.N.C. 2012)).

**D. Failure to State a Claim**

UNC Healthcare also argues that plaintiff has failed to state a claim upon which relief may be granted because she failed to file this action within 90 days of receipt of the notice of right to sue. (Def.'s Mem. in Supp. Mot., DE # 13, at 12.) In support of this argument, UNC Healthcare cites to plaintiff's complaint, in which she alleges that she received the right to sue letter on 9 June 2015. (Id.) It is true that a plaintiff is required to file a civil action within ninety days of receipt of a notice of a right to sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). However, as plaintiff's correctly notes in her response in opposition, she actually received the

right to sue letter from the EEOC on 6 June 2016. (Pl.'s Resp., DE # 18, at 5; see also Pl.'s Ex. F, DE # 1-2, at 38.) Because plaintiff filed her complaint on 2 September 2016, less than 90 days after receiving her right-to-sue letter from the EEOC, her Title VII claims are not time-barred.

### III.  CONCLUSION

For the reasons set forth above, UNC Healthcare's motion to dismiss, (DE # 12), is GRANTED IN PART and DENIED IN PART.  Plaintiff's claim of assault against UNC Healthcare is DISMISSED.  Plaintiff's Title VII claims for hostile work environment and retaliation against UNC Healthcare and Hussari remain.  The Clerk is DIRECTED to mail to plaintiff a blank summons form to complete and return to the Clerk within 20 days.  Upon receipt of the completed form, the Clerk is DIRECTED to issue the summons plaintiff provided for UNC Healthcare.  The U.S. Marshal is DIRECTED to serve the summons and complaint on UNC Healthcare.

This 24 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge