UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00788-BR

| | |
|---|---|
| ANNMARIE DIEDE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| UNC HEALTHCARE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion to dismiss filed by defendant Rajai Hussari ("Hussari").[1] (DE # 42.) Also before the court is the second motion to dismiss filed by defendant The University of North Carolina Health Care System ("UNCHCS"). (DE # 53.) The issues raised have been fully briefed and are now ripe for disposition.

## I. FACTS

Plaintiff initiated this action by filing a *pro se* complaint and a motion for leave to proceed *in forma pauperis* on 2 September 2016. (DE # 1.) Plaintiff's complaint seeks relief for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, by supervisors and employees of UNCHCS while plaintiff was employed by UNCHCS. (Compl., DE # 4, at 2.) The complaint also alleges that Hussari subjected plaintiff to a number of intentional torts, including assault and battery. (Id. at 4-5.) On 20 January 2017, Magistrate Judge Robert T. Numbers, II granted plaintiff's motion for leave to proceed *in forma pauperis* and ordered that plaintiff's complaint be filed. (DE # 3.) In the same order, Judge Numbers

---

[1] Hussari filed a motion for leave to allow his response to plaintiff's motion for entry of default, (DE # 32), to be accepted as a motion to dismiss, (DE # 41). Hussari later filed a motion to dismiss in lieu of the motion for leave. (DE # 42.) Because Hussari filed a proper motion to dismiss, his motion for leave is now moot.

provided a memorandum and recommendation on frivolity review pursuant to 28 U.S.C. § 1915(e)(2), in which he recommended dismissal of some of plaintiff's claims. (Id.) On 24 February 2017, the court adopted, in its entirety, the reasoning in Judge Number's memorandum and recommendation and dismissed some of plaintiff's claims. (DE # 7.)

On 26 April 2017, UNCHCS filed its first motion to dismiss, raising arguments for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). (DE # 12.) On 24 January 2018, the court entered an order granting, in part, and denying, in part, UNCHCS's motion to dismiss. (DE # 38.) Accordingly, the only claims remaining before the court are plaintiff's Title VII claims for hostile work environment and retaliation against both UNCHCS and Hussari, and plaintiff's claim of assault against Hussari.

## II. ANALYSIS

Hussari now moves to dismiss plaintiff's claims against him for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4), and for lack of personal jurisdiction based on insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). (DE # 42.) UNCHCS also filed a motion to dismiss, raising the same arguments for dismissal. (DE # 53.)

**A. Standards of Review**

"Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2)." Fordham v. Doe, No. 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011) (citation omitted). When a defendant challenges the court's jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Eng's Corp. v. Geometric Ltd., 561

2

F.3d 273, 276 (4th Cir. 2009). Similarly, when a defendant seeks dismissal for insufficient process or insufficient service of process under Rules 12(b)(4) and 12(b)(5), the plaintiff bears the burden of establishing that proper service of process was performed and that the process itself was proper. Brissett v. Freemont Inv. & Loan Corp., No. 4:08-CV-77-F, 2010 WL 686547, at *2 (E.D.N.C. Feb. 24, 2010) (citing Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)). "In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Elkins, 213 F.R.D. at 275. "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

**B. Hussari's Motion to Dismiss**

In his motion to dismiss, Hussari asserts that plaintiff's claims against him should be dismissed because he has not been properly served, and therefore, the court lacks personal jurisdiction over him. (Def.'s Supp. Mem., DE # 43, at 11.) Hussari specifically contends that plaintiff has failed to effect service because plaintiff initially provided the U.S. Marshals Service with the incorrect address to serve him, and there is no evidence that he ever received a copy of the complaint. (Id. at 7-8.) He further argues that, despite having notice and the opportunity to correct the erroneous address, plaintiff did not make a reasonable effort to serve him before the time within which to do so had expired. (Id. at 5.)

Federal Rule of Civil Procedure 4 prescribes the methods by which an individual may be served in a civil action. Pursuant to Rule 4, service may be accomplished "by delivering a

3

summons and complaint to the individual personally, by leaving a summons and complaint at the individual's house or other place of abode with someone of suitable age and discretion who resides there, by serving the individual's authorized agent, or by serving the individual in compliance with the law of the state where the federal court is located." Pitts v. O'Geary, 914 F. Supp. 2d 729, 733–34 (E.D.N.C. 2012) (citing Fed. R. Civ. P. 4(e)). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1 A-1, Rule 4(j)(1)(c). Service of process can be effected by mailing the summons and complaint to a defendant's place of employment. Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004). However "[s]ervice of process cannot be effected upon [d]efendant by serving at his place of employment individuals who are not authorized to accept service of process." Elkins, 213 F.R.D. at 276 (citations omitted).

Once the sufficiency of process is challenged, the plaintiff bears the burden of establishing that the service of process complies with the requirements set forth in Rule 4. Elkins, 213 F.R.D. at 275. In North Carolina, a return of service showing service on its face raises a rebuttable presumption of valid service. See Granville Med. Ctr. v. Tipton, 586 S.E.2d 791, 796 (N.C. Ct. App. 2003). A defendant may rebut this presumption of valid service with the "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 467 S.E.2d 92, 94 (N.C. 1996).

Following an initial review pursuant to 28 U.S.C. § 1915, this court ordered the Clerk to issue the summons provided by plaintiff. (DE # 7, at 2.) On 24 February 2017, the summons was issued by the Clerk and delivered to the U.S. Marshals Service for service to Hussari at 101 Manning Drive, Chapel Hill, NC 27514. (DE # 8, at 3.) The Marshals Service filed a return of

service, indicating service "To Agent" at the address plaintiff provided on 6 March 2017. (DE # 15.) A subsequent filing of the same return of service on 24 October 2017 shows that the envelope containing the summons and complaint was "return[ed] to sender" as undeliverable on 23 October 2017. (DE # 19, at 3.) Thus, even though the summons and complaint were sent to the Manning Drive address, the return of service does not show that Hussari or an appropriate agent actually received service. Consequently, no presumption of service arises.

Even if plaintiff could raise a presumption of valid service, Hussari has submitted two affidavits showing that UNCHCS was neither his employer nor his agent at the time of service. Hussari has submitted his own affidavit attesting that the address where the summons and complaint were delivered is the street address of UNCHCS, that he left employment at UNCHCS in February 2016, and that he did not authorize anyone at UNCHCS to be served or to accept service of process on his behalf. (Hussari Aff., DE # 43-7, ¶¶ 3-5.) Hussari has also submitted an affidavit from Gwyn Pierce, the Records Team Lead at UNCHCS, confirming that Hussari was not an employee of UNCHCS on the date of service. (See Pierce Aff., DE # 43-3, ¶ 4.) These two affidavits successfully rebut any presumption that service was properly made on Hussari.

The court notes that plaintiff included a copy of a return receipt addressed to Hussari at 7837 Averette Field Drive, Raleigh, NC 27616 in a document filed with the court on 23 January 2018. (DE # 36, at 3.) The receipt appears to bear a signature showing that it was delivered. (See id.) Plaintiff claims that this receipt "prove[s] receipt of summons issued and received by Rajai Hussari." (Id. at 1.) Plaintiff, however, does not claim to have served the complaint on Hussari. See Fed. R. Civ. P. 4 (prescribing the methods through which a summons *and* complaint in a civil action may be served on an individual). Moreover, there is no evidence that

the person who signed the receipt was authorized to accept service of process. Finally, the receipt provided by plaintiff does not indicate who mailed the summons to Hussari or when it was mailed. See Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); see also Deo v. N.C. Dept. of Envir. And Nat. Res., No. 5:13-CV-323-D, 2014 WL 3738448, at *2 (E.D.N.C. 2014) (noting that a plaintiff cannot serve a defendant by personally placing the summons and complaint in the mail). Because plaintiff has failed to show compliance with the requirements of Rule 4, dismissal is warranted for plaintiff's failure to effect service.

In her response in opposition to Hussari's motion to dismiss, plaintiff states that her failure to provide the U.S. Marshals Service with Hussari's correct address was due to her *pro se* status and her initial assumption that UNCHCS was an authorized agent for Hussari. (Pl.'s Response, DE # 50, at 2.) She also includes a new proposed summons and complaint with Hussari's verified address at Averette Field Drive. (Id. at 2.) From these documents, plaintiff appears to ask the court to extend the time for service. Rule 4(m) requires extension of the 90-day service period only when the plaintiff can show good cause for her failure to serve. Fed. R. Civ. P. 4(m); Scott v. Maryland State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (unpublished). Factors used to determine if there was good cause include whether: "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott, 673 F. App'x at 306.

To show good cause, plaintiff insists that she had no knowledge of Hussari's work status change at the time the summons was issued on 24 February 2017, and that it was also difficult

6

for her to determine Hussari's exact address because he had approximately three different addresses on record. (Pl.'s Resp., DE # 50, at 1.) Although these circumstances may have made it difficult for plaintiff to initially determine Hussari's correct address, there is no evidence showing that Hussari was attempting to evade service of process. Moreover, the record indicates that plaintiff learned that the address on the original summons was incorrect by at least 26 April 2017, the date on which UNCHCS filed its first motion to dismiss. (DE # 12.) The record also reveals that plaintiff learned of the Averette Field Drive address as early as 17 May 2017, the date on which she submitted her opposition to UNCHCS's first motion to dismiss. (See DE # 17, at 4.) The foregoing shows that plaintiff knew of the Averette Field Drive address at least one week before the expiration of the 90-day period on 25 May 2017, and some eight months before she first attempted to serve Hussari at this address in January 2018. Because plaintiff did not act with due diligence in correcting her error once she discovered Hussari's valid address, the court finds that plaintiff has failed to establish good cause for her failure to comply with Rule 4.

C.      **UNCHCS's Motion to Dismiss**

UNCHCS also moves for dismissal based on plaintiff's failure to effectuate proper service of process. (DE # 54.) In the order on UNCHCS's first motion to dismiss, the court acknowledged plaintiff's failure to effect proper service of process on UNCHCS but gave plaintiff the opportunity to correct any defects in service of process. (DE # 38, at 10.) The court directed the Clerk to mail plaintiff a blank summons form to complete and return to the Clerk within 20 days. (Id.) After receiving the completed summons form, on 14 February 2018, the Clerk reissued a summons to "UNC Healthcare" addressed to "Kathryn J. Thomas, Special Deputy Attorney General." (DE # 48.)

7

UNCHCS argues that plaintiff's second attempt at service is inadequate because the summons is addressed to UNCHCS's attorney instead of its authorized agent as required by Rule 4(j)(2) for service on a state organization. (DE # 54, at 2.) Pursuant to Rule 4(j)(2), service on a state agency can be perfected in one of two ways. First, a plaintiff can "deliver[] a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2). Second, a plaintiff can complete service "in the manner prescribed by the state's law for serving a summons or like process on such defendant." Id. Under North Carolina law, a plaintiff may serve a state agency by delivering a copy of the summons and complaint to the agency's appointed process agent personally, by certified mail, or by registered mail. N.C. Gen. Stat. § 1A-1, R. Civ. P. 4(j)(4). A plaintiff can also effect service by depositing the summons and complaint with a designated delivery service, addressed to the appointed agent, and obtaining a delivery receipt. Id.

Here, plaintiff attempted to effect service on UNCHCS by delivering a copy of the summons and complaint to UNCHCS's counsel, Kathryn Thomas, rather than UNCHCS's appointed process agent, B. Glenn George. (See DE # 54, at 3 (citing North Carolina Department of Justice, Process Agent Directory).) Consequently, UNCHCS has not been properly served. In her response, plaintiff appears to argue that she corrected this error by sending a copy of the summons and complaint to George on 14 April 2018. However, a plaintiff cannot serve a defendant by personally placing the summons and complaint in the mail. See Deo, 2014 WL 3738448, at *2. Thus, despite her knowledge of the error, plaintiff did not correct the defective service of process upon UNCHCS.

As noted previously, Rule 4(m) permits the court to extend the time for service when a plaintiff shows good cause for the failure to serve a defendant. Scott, 673 F. App'x at 306. To

8

explain her failure to effect service on UNCHCS, plaintiff contends that "[d]efendant did not notify the [p]laintiff, pro se, of appointing UNC Health Care System General Counsel, B. Glenn George, as a newly named and separate [p]rocess [a]gent." (Pl.'s Resp., DE # 58, at 1.) However, providing this correct information to the U.S. Marshals Service is the responsibility of the plaintiff. See Scott, 673 F. App'x at 305 (noting the plaintiff must provide the correct service information, including the defendant's address, for the U.S. Marshals Service to effect service). Furthermore, in its order on UNCHCS's first motion to dismiss, the court advised plaintiff that "the name and address of the registered agent for a state agency is typically on file with a state's Secretary of State." (DE # 38, at 8-9.) In spite of this guidance, plaintiff failed to identify UNCHCS's appointed process agent. Moreover, the summons plaintiff provided to the U.S. Marshals Service was addressed to, and delivered to, a different street address than the one applicable to the appointed process agent. In light of these facts, the court finds that plaintiff has not shown good cause for her failure to effect service on UNCHCS. Accordingly, the court dismisses plaintiff's claims against UNCHCS.

### III. CONCLUSION

Based on the foregoing, Hussari's motion to dismiss, (DE # 42), is GRANTED. UNCHCS's motion to dismiss, (DE# 53), is also GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

This 16 July 2018.

_____
W. Earl Britt
Senior U.S. District Judge